**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL VARGAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. LONIGRO, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-01171-AWI-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED**<br><br>ECF No. 14<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.    Background**

　　Plaintiff Raul Vargas ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On February 29, 2012, the Court found that Plaintiff stated cognizable claims against Defendants Chief Medical Officer Anthony S. Lonigro, Physician R. Taherpour, Physician's Assistant Randolph Wilson III, and Nurse Practitioner A. Manasrah for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

　　Pending before the Court is Defendants Lonigro, Taherpour, and Wilson's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.[1] ECF No. 14. On May 31, 2012, Plaintiff filed his opposition. ECF No. 15. On June 4, 2012, Defendants

---

[1] Defendant Manasrah has not appeared in this action.

1

filed their reply.  ECF No. 16.  The matter is submitted pursuant to Local Rule 230(l).

## II.  Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The federal system is one of notice pleading. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## III.  Summary of Complaint

Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California during the events alleged in this action.  Plaintiff named as Defendants: Anthony S. Lonigro, the chief medical executive officer at PVSP; R. Taherpour, a medical doctor at PVSP; Randolph Wilson III, a physician assistant at PVSP; and A. Manasrah, a nurse practitioner at PVSP.

Plaintiff alleges the following.  Plaintiff suffers from chronic back and knee pain as a result of a childhood accident from being struck by a car.  Compl. ¶ 9.  CDCR staff has always issued Plaintiff a lower bunk, lower tier cell.  Compl. ¶ 10.  Plaintiff also suffers from Hepatitis C since 1979.  Compl. ¶ 11.  CDCR health policy instructed Plaintiff to avoid all non-steroidal anti-inflammatory drugs ("NSAIDs"), such as Tylenol, Motrin, and Naproxen.  Compl. ¶ 11.

Plaintiff arrived at PVSP in June of 2009.  Compl. ¶ 12.  Plaintiff complained to numerous staff regarding his chronic pain.  Compl. ¶ 12.  Defendant Manasrah prescribed Tylenol.  Compl. ¶

12. After taking Tylenol for a few months, Plaintiff complained of having abdominal pain to medical staff. Compl. ¶ 13. Defendant Manasrah told Plaintiff that it was probably indigestion and prescribed medication for that issue. Compl. ¶ 13. Defendant Manasrah is aware of CDCR policy that Hepatitis C inmates avoid all NSAIDs such as Tylenol. Compl. ¶ 14.

Plaintiff was then seen by physician assistant Das, who informed Plaintiff that the Tylenol was probably damaging his liver. Compl. ¶ 15. Das discontinued the Tylenol and prescribed Tramadol. Compl. ¶ 15.

Plaintiff was seen by doctor Church, who agreed that Tramadol was appropriate, but morphine sulfate was easiest on Plaintiff' liver. Compl. ¶ 16. Plaintiff was then seen by Defendant Taherpour, who terminated Plaintiff's morphine prescription, finding that it was not medically indicated. Compl. ¶ 17. Plaintiff filed an inmate appeal regarding Defendant Taherpour's actions. Compl. ¶ 18. Defendant Wilson conducted the interview regarding the appeal, and attempted to give Plaintiff Naproxen. Compl. ¶ 18. Plaintiff refused the medicine, after explaining to Defendant Wilson that he was not supposed to prescribe NSAIDs to Hepatitis C inmates. Compl. ¶ 18. Defendant Wilson later prescribed Tylenol. Compl. ¶ 19. On November 17, 2010, Defendant Lonigro denied Plaintiff's administrative appeal, stating that he concurred with the decisions by Defendants Taherpour and Wilson, and that Tylenol was appropriate to manage Plaintiff's pain. Compl. ¶ 20.

Plaintiff contends a violation of the Eighth Amendment. Plaintiff requests as relief declaratory relief, injunctive relief, nominal, compensatory, and punitive damages, and costs of suit.

**IV.    Analysis**

    **A.    Eighth Amendment**

Defendants contend that Plaintiff fails to state a claim against Defendants Taherpour, Wilson, and Lonigro. Defs.' Mem. P. & A. 3:24-6:21. Plaintiff contends that the Court had screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and § 1915(e)(ii)(B) and found that it stated cognizable claims for relief. Pl.'s Opp'n 2:19-6:18.

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation

omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

The Court may review its previous orders prior to entry of judgment as to all claims. Fed. R. Civ. P. 54(b). Having reviewed Plaintiff's claims, and considered all arguments by the parties, the Court finds that Plaintiff has not stated cognizable claims for relief against any Defendants.

As to Defendant Taherpour, Plaintiff fails to allege sufficient facts which demonstrate that Defendant Taherpour knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Plaintiff does not allege facts indicating that Defendant Taherpour was aware of a CDCR policy to not prescribe NSAIDs to inmates with Hepatitis C. Plaintiff also fails to allege facts which indicate that Defendant Taherpour was aware that Plaintiff had Hepatitis C.

As to Defendant Wilson, while Plaintiff alleges that Defendant Wilson was aware that he was not supposed to prescribe NSAIDs to Hepatitis C inmates, Plaintiff has not alleged facts which indicate that Defendant Wilson was aware of the CDCR policy at the time he interviewed Plaintiff. Plaintiff has also not alleged sufficient facts to demonstrate that attempts to prescribe medication is caused Plaintiff harm.

As to Defendant Lonigro, Plaintiff has not alleged sufficient facts to demonstrate that he is liable for any constitutional violation.  Defendant Lonigro does not appear to have acted with deliberate indifference to Plaintiff's serious medical needs by adjudicating Plaintiff's administrative appeal.  *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.").  Though Plaintiff contends that Defendant Lonigro was aware of a CDCR policy to not prescribe NSAIDs to Hepatitis C inmates, Plaintiff does not raise this allegation in his complaint.

To the extent that Plaintiff alleges liability on the basis of Defendant Lonigro's supervisory role, Plaintiff fails to state a claim.  The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 556 U.S. at 677.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Id.* at 676.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.  *Id.* at 677.  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).   Plaintiff alleges no facts against any supervisory Defendants which would indicate that the supervisory Defendant personally participated in an alleged constitutional deprivation, or knew of a constitutional deprivation and failed to act.

Though not raised by Defendants, the Court also finds that Plaintiff fails to state a claim against Defendant Manasrah.  Plaintiff has not alleged sufficient facts to indicate that Defendant Manasrah knew of and disregarded an excessive risk of serious harm to Plaintiff's health.  Based on Plaintiff's allegations, Defendant Manasrah concluded that Plaintiff suffered from indigestion.  This is at most an allegation that rises to the level of negligence, not deliberate indifference.  *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

### B. Leave to Amend

Because Plaintiff has not yet had the opportunity to amend his complaint, Plaintiff should be granted leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.

### V. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed May 15, 2012, should be granted;
2. Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted as to Defendants Lonigro, Taherpour, Wilson, and Manasrah;
3. Plaintiff be granted leave to file an amended complaint within thirty (30) days from the date of service of the District Judge's order adjudicating these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days**

6

after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 13, 2012**                    /s/ Dennis L. Beck
                                                                    UNITED STATES MAGISTRATE JUDGE